IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**LARRY DON HOOKER,**

    Plaintiff,

v.

                                                                  CIVIL ACTION NO. 2:15-CV-3
                                                                   (BAILEY)

**PRUNTYTOWN CORRECTION
CENTER; DEBRA MINNIX,** Warden;
and **WEXFORD HEALTH SOURCES,
INC.,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 32]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on September 30, 2015 [Doc. 32]. In that filing, the magistrate judge recommended that this Court dismiss the plaintiff's Complaint for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). This Court notes the R&R was returned as undeliverable on October 14, 2015 [Doc. 33]. The plaintiff was previously notified of his obligation to keep the Court advised of his most current address at all times and that failure to do so may result in dismissal [Doc. 4]. Plaintiff was aware of this obligation as evidenced by the notice of change of address he filed in February of 2015 [Doc. 12]. However, plaintiff has apparently failed to update his address since. As plaintiff did not receive the R&R, it follows that no objections have been filed. Accordingly, this Court will review the R&R for clear error.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 32]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The Motions to Dismiss **[Docs. 14 & 27]** are hereby **GRANTED**. Accordingly, this Court hereby **DISMISSES** the Complaint **[Doc. 1] WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment in favor of the defendants. As a final matter is matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff at his last known address.

**DATED:** October 28, 2015.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE